**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Columbia Gas Transmission Corp., | ) | CASE NO. 1:05 CV 2914 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Meadow Preserve York, LLC, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon defendant Meadow Preserve York, LLC's Motion to Dismiss for Lack of Jurisdiction (Doc. 20). For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff, Columbia Gas Transmission Corporation, brought this Complaint against defendants, Meadow Preserve York, LLC and Medina County Commissioners. The Complaint alleges the following pertinent facts. Plaintiff is a natural gas pipeline company engaged in the transportation of natural gas in interstate commerce. Plaintiff owns a four-inch diameter natural gas transmission pipeline (hereafter, the Pipeline) in York Township, Medina County, Ohio.

1

Plaintiff and defendant Meadow Preserve York, LLC are successors-in-interest to a lease agreement granting certain rights to plaintiff with regard to the oil and gas on the land.  In July 2005, defendant Meadow Preserve York, LLC constructed a concrete roadway directly over the top of the Pipeline and within plaintiff's right-of-way for the Pipeline.  The concrete roadway encroaches upon plaintiff's right-of-way and interferes with its rights under the lease agreement to operate, maintain and have access to the Pipeline.  The Pipeline and the natural gas storage well which it serves are subject to regulation by the Federal Energy Regulatory Commission under the Natural Gas Pipeline Safety Act, 49 U.S.C. §§ 60101, *et seq.* the Natural Gas Act, 15 U.S.C. §§717, *et seq.*

       The Complaint seeks the following relief.

       Count One asks for declaratory relief that a) the concrete roadway interferes with plaintiff's rights under its lease agreement, b) defendants have breached plaintiff's rights under the lease agreement by maintaining the concrete roadway, c) defendants are not entitled to install and maintain the concrete roadway over plaintiff's right-of-way, d) defendants must remove the concrete roadway at their own expense, e) the defendants' actions obstruct plaintiff's full compliance with the Natural Gas Pipeline Safety Act, f) the defendants' actions obstruct plaintiff's full compliance with the Natural Gas Act and g) the Natural Gas Pipeline Safety Act and the Natural Gas Act preempt state and local law.

       Count Two asks for injunctive relief requiring defendants a) to remove the concrete roadway, b) to refrain from interfering with plaintiff's exercise of its lawful property and contract rights and c) to refrain from obstructing plaintiff's compliance with the Natural Gas Pipeline Safety Act and the Natural Gas Act.

Count Three alleges breach of the lease agreement and Count Four alleges trespass.

Plaintiff asserts that jurisdiction is based on diversity of citizenship and federal question. This matter is now before the Court upon defendant Meadow Preserve York, LLC's Motion to Dismiss for Lack of Jurisdiction.

**Discussion**

Defendant Meadow Preserve York, LLC moves the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction in that the amount in controversy does not exceed $75,000 and, therefore, there is no diversity of citizenship jurisdiction, and the matter does not involve a federal question.

"When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." *Raft v. C.I.R.*, 147 Fed.Appx. 458, 460 (6th Cir. 2005) (citing *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir.2000). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). Thus, "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College,* 318 F.3d 674, 677 (6th Cir. 2003) (citing *Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir.1986) ). "[W]here a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Id.*

3

**(1) diversity of citizenship**

Defendant argues that 28 U.S.C. § 1332(a)'s $75,000 threshold has not been met. The Complaint alleges that the matter in controversy exceeds the sum or value of $75,000.

In actions seeking declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977). The district courts within the Sixth Circuit, however, "have recognized that the law is unsettled regarding whose viewpoint--the plaintiff's or the defendant's--should be considered in determining the value of an injunction case." *McIntire v. Ford Motor Co.*, 142 F.Supp.2d 911, 920 (S.D.Ohio 2001) (citations omitted). Courts have taken three approaches: "1) the plaintiffs' perspective, in which the amount in controversy is determined by the amount stated in the complaint or the value of the right plaintiff is asserting; 2) the defendant's viewpoint, which generally considers the defendant's cost of compliance with the requested injunctive relief; and 3) either party's viewpoint." *Id. See also Southern States Police Benevolent Assoc., Inc.,* 336 F.Supp.2d 731, 734 (W.D.Mich. 2004).

Defendant points to *Crosby v. America Online*, 967 F.Supp. 257, 265 (N.D.Ohio 1997), which adopts the either viewpoint. However, in its reply, defendant seems to acknowledge that the plaintiff's point of view is proper, relying on *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 260 (E.D. Mich. 2001) (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1309 (11th Cir.2001) ) ("In the case of injunctive relief, the amount in controversy is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.*"* ) In this regard, defendant asserts that plaintiff fails to show the monetary value of the benefit.

Plaintiff urges the Court to adopt the plaintiff's view as in *Columbia Gas Transmission*

4

*Corp. v. Davis*, 33 F.Supp.2d 640 (S.D.Ohio 1998).

The Sixth Circuit, as yet, has declined to decide this issue. *Olden v. LaFarge Corp*., 383 F.3d 495, footnote 1 (6th Cir. 2004). Because both parties seem to agree that the determination of the amount in controversy may be resolved by taking the plaintiff's viewpoint, the Court will do so.

Plaintiff argues that the value of its property interest, its Pipeline and the storage well it serves, and its right to safely and efficiently operate these facilities without interference exceeds the jurisdictional amount. Plaintiff points to the Complaint which alleges that the amount in controversy exceeds the sum or value of $75,000. (Compl. ¶ 9). Plaintiff further alleges that the damages resulting from the breach of the lease agreement and violation of its property rights exceed $75,000. (*Id.* ¶ 63). Because, plaintiff asserts, defendant has offered nothing to challenge plaintiff's good faith allegations regarding the amount in controversy, plaintiff satisfies the jurisdictional requirement.

For the following reasons, the Court agrees with defendant that plaintiff's allegations are insufficient to satisfy the amount in controversy requirement.

One court in this circuit has stated,

> Where injunctive relief is requested, the value of the relief for purposes of the amount in controversy requirement is the value of the object of the litigation measured from the plaintiff's perspective, that is, the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.

*Davis v. DCB Financial Corp*., 259 F.Supp.2d 664, 675 (S.D.Ohio 2003) (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000), *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc*., 120 F.3d 216, 221 (11th Cir.1997) and *Olden v. LaFarge Corp*., 203 F.R.D. 254, 260 (E.D. Mich. 2001) ). Further, "In a

5

federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.*" Id.* (citing *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990)). "Where a defendant seeks dismissal on amount-in-controversy grounds, the case will not be dismissed unless it appears that the plaintiff's assertion of the amount in controversy was made in bad faith, that is, if it appears, to a legal certainty, that the original claim was really for less than the amount-in-controversy requirement." *Id.* (citing *Gafford v. General Electric Co.*, 997 F.2d 150, 157 (6th Cir.1993) ). "However, this liberal standard for jurisdictional pleading 'is not a license for conjecture.' " *Id.* (citing *Morrison*, 228 F.3d at 1268). Therefore, "a plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the benefit to be obtained from the injunction is 'sufficiently measurable and certain to satisfy the amount in controversy requirement.' " *Id.* (quoting *Ericsson GE Mobile Communications,* 120 F.3d at 221).

Plaintiff vaguely states that "[t]he principle relief sought is the protection of [its] interest in the property at issue..." (Doc. 21 at 6)  This conclusion fails to "show that the benefit to be obtained from the injunction is sufficiently measurable." Further, plaintiff relies on the allegations of its Complaint which allege damages in excess of the jurisdictional amount. Plaintiff, however, has made no showing to support this contention.  In particular, plaintiff does not identify the "monetary value" of the benefit it seeks to achieve.  As defendant points out, plaintiff does not object to the roadway built by defendant over the four-inch diameter Pipeline, but only that the roadway should have been constructed in asphalt instead.  (Compl. ¶ 33, Ex. I) Thus, the "benefit" to plaintiff should the injunction be granted, proposes defendant, is the ease and cost of removing a concrete strip versus that of removing an asphalt strip should inspection

6

of the Pipeline be necessary.  Further, defendant points to the Complaint which alleges that plaintiff's injury includes "the increased cost and expense for inspections and maintenance across [defendant's] property."  (Compl. ¶ 63).  But, plaintiff does not demonstrate the monetary value of that benefit in "sufficiently measurable" and "certain" terms so as to satisfy the amount in controversy requirement (ie., that the cost exceeds $75,000.)

For these reasons, the Court lacks diversity jurisdiction.

**(2) federal question**

Federal question jurisdiction is governed by 28 U.S.C.§ 1331.  That provision states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.   It is well-settled that the question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint" rule.  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)).  Under this rule, a case "arises under" federal law for purposes of § 1331 "when it is apparent from the face of the plaintiff's complaint either that the plaintiff's cause of action was created by federal law; or if the plaintiff's claim is based on state law, a substantial, disputed question of federal law is a necessary element of the state cause of action."  *Michigan Southern Railroad Co. v. Branch & Joseph Counties Rail Users Association*, *Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citations omitted).

Relying on *Columbia Gas Transmission Corp. v. Drain,* 191 F.3d 552 (4th Cir. 1999), defendant argues that this Court lacks federal question jurisdiction.  In *Drain,* the defendant landowner installed a cement block foundation for a modular home along plaintiff's right-of-way

7

to maintain its underground gas transmission pipeline. Plaintiff filed suit in federal court seeking a declaratory judgment that its right-of-way entitled it to a 50 foot easement over the defendant's property and an injunction ordering defendant to move her home 25 feet from the pipeline. The plaintiff asserted the Natural Gas Pipeline Safety Act as the basis for federal jurisdiction. The district court, however, found jurisdiction under the Natural Gas Act. The Fourth Circuit determined that the district court erred in basing jurisdiction on the Natural Gas Act, and determined that neither did the Natural Gas Pipeline Safety Act create federal question jurisdiction "over this quintessential state law claim."

The court stated that there was no jurisdiction under the Natural Gas Pipeline Safety Act because while the Act created a cause of action for gas transmission companies to enjoin violations of the Act, "the Act and the regulations prescribed pursuant to it are silent as to rights-of-way and easements, the subject of this action." *Id.* at 555. Nor had plaintiff alleged a violation on defendant's part "of the only duty the Act imposes on private landowners like her--that they utilize a special 'one-call notification system' prior to engaging in an activity that could threaten the safety of a pipeline facility." *Id.* Finally, the court noted that this Act requires those bringing an action under it to provide 60 days notice to the Secretary of Transportation, or to the appropriate state agency, prior to filing suit. Plaintiff had not given such notice.[1]

As to the district court's finding of a jurisdictional basis in the Natural Gas Act, the appellate court found that no provision of that Act established "a right to a federal forum for an action to determine the location and scope of an easement created by express agreement" and that the "allocation of property rights among contracting parties is a paradigmatic question of state

---

[1] Nor does the Complaint herein allege such notice.

law." *Id.* at 556.

Plaintiff herein asserts that its case is distinguishable from *Drain* because the size, existence and location of the Pipeline easement are not in dispute. Rather, the issue involves whether installation of the concrete roadway prevents plaintiff from complying with its federally mandated duties under the Natural Gas Pipeline Safety Act and the Natural Gas Act. Additionally, plaintiff points out that its Complaint raised the issue of federal preemption of the Natural Gas Pipeline Safety Act over a local requirement that all new streets be made of concrete.[2]

For the following reasons, the Court agrees with defendant that plaintiff's assertions are unavailing.

*Drain* made clear that no federal jurisdiction arises under the Natural Gas Pipeline Safety Act unless the suit is brought by the gas transmission company to enjoin violations of the Act or its regulations. No such claim is made here. And, as noted above, claims against private landowners (such as defendant) arise only for violations of the duty imposed by them under the Act, ie., to utilize the one-call notification system. This is not alleged.

While plaintiff's Complaint asserts that defendant's interference is preventing it from complying with its obligations under the Natural Gas Pipeline Safety Act and Natural Gas Act and that plaintiff seeks an order refraining defendant from doing so, *Drain* indicates that the Acts do not impose such a prohibition or duty on private landowners.

---

[2] Plaintiff also refers to the concurrence written in *Drain* which, of course, is not the law of that case. Moreover, plaintiff points to several district court cases which based federal jurisdiction under these Acts. These cases, however, predate *Drain*.

9

Finally, plaintiff's Complaint raises the issue of whether the Natural Gas Pipeline Safety Act preempts a township requirement that all new streets be made of concrete.  However, *Drain* states that the Act and regulations are silent as to rights-of-way and easements. Thus, the Act and regulations would be silent as to whether a concrete roadway violates an easement.[3]

For these reasons, there is no federal question jurisdiction.

**Conclusion**

For the foregoing reasons, defendant Meadow Preserve York, LLC's Motion to Dismiss for Lack of Jurisdiction is granted.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated:  5/17/06

---

[3] While state regulation of interstate natural gas pipelines is expressly preempted by the Natural Gas Pipeline Safety Act, *Kinley Corp. v. Iowa Utilities Bd., Utilities Div., Dept. of Commerce*, 999 F.2d 354, 356 (8th Cir. 1993), a township requirement that new streets be made of concrete can hardly be construed as an attempt to regulate the Pipeline.